# United States Court of Appeals for the Fifth Circuit

---

No. 22-50812
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 20, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

IVAN VELASQUEZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-688-4

---

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges.*

PER CURIAM:[*]

Ivan Velasquez was convicted of one count of conspiracy to conduct the affairs of an enterprise through a pattern of racketeering, in violation of 18 U.S.C. § 1962. He was sentenced to 216 months of imprisonment and five years of supervised release. He now appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50812

Velasquez urges that the district court (1) failed to adequately consider his heightened medical vulnerability to COVID-19 and (2) inappropriately weighed the 18 U.S.C. § 3553(a) factors and failed to give due weight to his post-sentencing rehabilitation efforts.

We review a district court's decision denying compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court may modify a defendant's sentence, after considering the applicable § 3553(a) factors, if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements." § 3582(c)(1)(A). When considering a § 3582(c)(1)(A) motion, district courts are "bound only by § 3582(c)(1)(A)(i) and . . . the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

Velasquez failed to establish that the district court "based[d] its decision on an error of law or a clearly erroneous assessment of the evidence." *Chambliss*, 948 F.3d at 693 (internal quotation marks and citation omitted). The district court did not abuse its discretion in determining that Velasquez's health conditions were not "extraordinary and compelling reasons" to reduce his sentence under § 3582(c)(1)(A)(i). *See id.* at 693-94. Nor did the district court abuse its discretion in acknowledging Velasquez's post-sentencing rehabilitative efforts but ultimately determining that the § 3553(a) sentencing factors militated against a sentence reduction based on Velasquez's extensive criminal history, the seriousness of his offenses, and the need to deter criminal conduct, to provide a just punishment for the offense, and to promote respect for the law. *See id.* at 693.

AFFIRMED.